EDUARDO MÉNDEZ BAS ET AL., Petitioners, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 884. Decided February 15, 1933.

*B. Guerra Mondragón* for petitioners.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Eduardo Méndez Bas and Carlos Julio Osorio, by their counsel Benjamín Guerra Mondragón, applied to this Court for a writ of certiorari directed to the District Court of Humacao, and finally to set aside the order of said district court denying the motion of the petitioners to dismiss, for want of jurisdiction, an information filed against the petitioners for assault with intent to kill, on the ground that they had not been indicted by the grand jury.

This Court refused to issue the writ, and the petitioners have again appeared, requesting a reconsideration of the said refusal.

Let us examine the facts on which the petition is based. The petition copies the information filed by the district attorney against the petitioners, charging them with having assaulted one José A. Burgos, on October 7, 1932, in Humacao,

with revolvers or pistols, unlawfully, wilfully, and maliciously, with premeditation, and with the firm and deliberate purpose of killing him, inflicting on him bullet wounds of a serious nature, with intent to commit murder. It is alleged that, after the information was filed, November 18, 1932, was fixed for the arraignment of the defendants, and they were allowed until December 7, 1932, to answer the information. On that day the petitioners amended a motion which they had filed, in answer to the information, raising the question of the want of jurisdiction of the lower court. The following excerpt from this motion was transcribed in the petition for certiorari:

"That inasmuch as the defendants, Eduardo Méndez Bas and Carlos Julio Osorio, are a Captain and Sergeant, respectively, of the National Guard of Puerto Rico, and at the time of the commission of the crime charged against them they were in the exercise of their functions as such officers called to service by order of the Governor of Puerto Rico, and drawing pay from the People of Puerto Rico, this Court has not jurisdiction in this case, since the defendants have not been indicted by a grand jury."

The petition goes on to state that the prosecuting attorney opposed the motion of the defendants as follows:

"That the fact that the defendants are members of the National Guard of Puerto Rico, established by Act No. 28 of April 12, 1917, 'Providing a Military Code for Puerto Rico, the organization of the National Guard and of the irregular militia of Puerto Rico,' does not mean that they are public officers of Puerto Rico, and they should not be prosecuted in accordance with Act No. 58 of 1919, as amended by Act No. 98 of 1925."

In support of their motion the defendants produced three certificates and a stipulation. The certificates are to the effect that on September 27, 1932, by order of the Governor, certain units of the National Guard were called upon to cooperate with the Insular Police in maintaining order and protecting property, among which was Company "B," 296 Infantry, to which company the petitioners belonged, the former being captain and the latter sergeant.

The stipulation accepted that "on October 7 and 8, 1932, Company 'B,' 296 Infantry, of the National Guard, was mobilized in District No. 3, comprising the following towns: Río Grande, Mameyes, Luquillo, Fajardo, Ceiba, Naguabo, Playa de Naguabo and Humacao, the parties agreeing that these facts be taken as proved."

We agree with the petitioners that if the right they claim should clearly arise from the facts set out in their petition, the writ of certiorari sought by them might be issued. The case of *Muratti* v. *Foote*, 25 P.R.R. 527, which they cite, is indeed a case in point.

Our refusal was not based on the ground that certiorari did not lie to review the question raised, but on the ground that the right of the petitioners to be prosecuted necessarily by indictment of a grand jury did not clearly appear from the facts averred in the petition.

Section 1 of the Act establishing the grand jury in Puerto Rico, as amended in 1925 and at present in force, provides that:

"Any felony charged against a public officer by reason of acts done by him in the performance of his duties, shall be prosecuted by indictment of the Grand Jury filed in the court having jurisdiction in the case.

"All other crimes shall be prosecuted as determined by the Code of Criminal Procedure."

Assuming, without deciding, that the petitioners, by reason of being members of the National Guard, mobilized by order of the Governor, on the date and at the place of the commission of the crime with which they are charged, may be considered public officers, a conclusion which was challenged by the prosecuting attorney, we do not find that the petition anywhere alleges or shows that the crime of which the district attorney accuses them is charged against them by reason of any acts done in the performance of their duties.

This being so, the reconsideration sought must be denied.